R. H. FRASER & Co. v. JAMES THORPE.—JAMES THORPE & Co. intervenors.

By the laws of Mississippi, the Sheriff under an execution on a judgment against one partner for his separate debt, can only sell the actual interest which that partner has in the partnership, after the partnership accounts are settled.

APPEAL from the First District Court of New Orleans, *Larue,* J. *Mott & Fraser,* for plaintiffs. *Hamner & Hays,* for intervenors and appellants.

SLIDELL, C. J. Goods belonging to *James Thorpe & Co.,* a commercial firm established and domiciled in Mississippi, were attached here for the individual debt of one of the partners. *James Thorpe & Co.* intervened, claiming the

goods as the property of the firm, and praying that the attachment be set aside and the goods restored. The goods were delivered to them on bond, and at the final hearing, the court below made the following decree :

It is decreed, that the plaintiffs recover from the defendants the sum of $3931 75, with legal interest from the 1st of April, 1852, and costs of suit, with a privilege on the interest of defendant in the property attached. It is further adjudged, that *James Thorpe & Co.* be declared the owners of the goods attached in this case, and that they do recover the same, subject to the payment to the plaintiffs of such sum of money as may be shown to be the value of interest of defendant ⌜therein. And it is further adjudged, that any execution which may be issued upon this judgment shall be for $1225 less than the amount thereof, until it be shown that defendant has been released from all liability on account of a seizure made in his hands in the suit of *Henry W. Brown* v. *R. H. Fraser & Co.*, instituted in the Circuit Court of Yazoo county, Mississippi, on the 2d day of April, 1852.

The intervenors have appealed, and the appellees ask an affirmance of the judgment.

As the appellees are content with the judgment and ask its affirmance, it is unnecessary to inquire whether, in any respect, the judgment should have been more advantageous to them.

As to the appellants, we think they have no sufficient ground to complain of the judgment. Testing the title and rights of the partnership as to the partnership property by the jurisprudence of Mississippi, in which State the contract of partnership was made, we do not find that title or those rights violated by the decree. In *Sitler & Johnson* v. *Walker*, 1 Freeman Ch. Rep. 78, the Chancellor uses the following language :

" The bill is filed to enjoin the sale of the partnership property levied on for the debt of the separate creditor of one of the individual partners. The principle is now considered generally settled, although there are exceptions to the contrary, that the interest of one partner in the partnership property, may be taken and sold under an execution at law on a judgment against such partner for his separate debt, and equity will not stop such sale by injunction, until the partnership accounts are taken and liquidated. The only interest covered by such an execution, is the interest of the partner after the payment of the partnership debts. Any one purchasing such property, becomes a tenant in common with the other partner, and does not by such purchase acquire a right *ipso facto* to a division or separate possession of the property so purchased. The Sheriff does not seize the effects. The other partner retains possession, subject to the lien of the partnership claims."

In 7 Howard's Miss. Rep. 320, it was said : In a judgment against one partner for his separate debt, his interest in the partnership effects may be sold by execution at law, though that has been much questioned. But the Sheriff can only sell the actual interest of such partner in the partnership property after the accounts are settled, or subject to the partnership debts.

As we understand the judgment of the District Judge, in the present case, it restores the goods to the possession of the firm, and makes the firm a trustee of plaintiffs for any residuary interest in these goods the partner may have, after the liquidation of the partnership affairs. Under the decree, the plaintiff may, by further proceedings, compel a liquidation and ascertainment of this interest.

FRASER & CO.
*v.*
THORPE.

In consequence of the view we have taken of this case, it is unnecessary to express an opinion as to what the rights of the partnership would have been, if the partnership had been formed and domiciled in this State.

Judgment affirmed, with costs.